*Hartford,*
*June, 1814.*

COUCH *against* GORHAM.

A testator, having devised his estate to his sons *A. B.* and *C.*, to his daughters *D.* and *E.*, and to three grand-children, the children of a deceased son, and to their heirs and assigns forever, in certain proportions, added the following clause, " and my will further is, that if either of my said sons .... without issue, then in such case the share given to such deceased son shall go to and vest in his surviving brethren, and those that legally represent them." Held that on the death of *B.* without issue, the surviving brethren took his share by executory devise, notwithstanding any conveyance made by him.

THIS was an action of ejectment. The defendant pleaded the general issue, which was closed to the court under the statute(*a*). The cause was tried at *Fairfield, December* term, 1813, before *Reeve, Smith,* and *Baldwin,* Js. On the trial the question of title arose on the construction of the will of *Samuel Couch,* deceased ; the material part of which was as follows : " All the residue and remainder of my estate I give, devise and bequeath unto my sons *Josiah, Zebulon, Benjamin, David* and *Nehemiah,* and unto my daughters *Abigail* and *Naomi,* and to my three grand-children, the children of my deceased son *Samuel, viz. Joshua, Elizabeth,* and *Rachel,* and to their heirs and assigns forever, in such manner and proportion that my said sons shall be equal, and share an equal share and part in my said estate with each other, and that my said daughters *Abigail* and *Naomi* shall each of them have one third as much of my said estate as each of my said sons, and that my said grand-children shall together have half as much of my said estate as each of my said sons, and that my said grand-son *Joshua* shall have the one half of that half given to my aforesaid grandchildren ; only it is my will, that what of my estate I have already given to my said sons *David* and *Nehemiah* shall be reckoned and computed to them severally towards their respective shares aforesaid. And my will further is, that if either of my said sons       without issue, then in such case the share and part given to such deceased son shall go and vest in his surviving brethren, or those that legally represent them." *Benjamin* died without issue about one year before the commencement of the action. The defendant claims under a deed from him executed about thirty years before his death. The plaintiff is one of the surviving brethren. On these facts the court found for the plaintiff. The defendant moved for a new trial ; and the question of law was reserved for the advice of all the Judges.

*R. M. Sherman* in support of the motion. By the general devise, the property is given in fee simple. Unless the testa-

(*a*) *Tit.* 6. *c.* 1. *s.* 8.

*Hartford,*
June, 1814.

Couch
*v.*
Gorham.

tor has limited the operation of the general clause, the title of the plaintiff must fail. It is claimed that he has done this, by the proviso, " that if either of his sons       without issue," &c.

It has ever been admitted in former discussions of counsel in this case, that the words omitted by the testator cannot be supplied ; but that his intention must be collected from the will as it reads, without the aid of conjecture ; and it has been contended, that his apparent intention was, that if any of his sons should *ever* die without issue, *his* share should go to his surviving brethren. It is admitted, that several words in this clause, especially the words " deceased" and " surviving" shew, that the death of the individual whose part should go over was in the view of the testator ; but that intent would be as well answered by supposing the words " be dead" were omitted, as the words " shall die," or any other which may be conjectured. Other words in the clause clearly shew, that the testator was providing for the disposition of the shares of those sons named in the will, who should " be dead" at the time the estate should vest, *viz.* at his own decease. On no other construction, can the words " their legal representatives" have any meaning at all. If a son should die without issue in the life-time of the testator, and after him others, leaving issue, the share of such son would go to such issue, as legal representatives, and to the brethren who should be still living. All these, in regard to the one who first died without issue, would be " surviving brethren ;" and the issue of those who died before the testator would be " legal representatives ;" according to his ideas. But if we suppose the testator had in view the case which has happened, *viz.* the death of a son without issue after his own death, the words of the clause cannot be satisfied ; as the *survivors* must all be *still* living, and consequently cannot have *legal representatives* in any sense, *legal* or *popular.* This construction is corroborated by the devise being to the devisees, " their heirs and *assigns*," which strongly imports an intention that they should have the power of alienation in fee. The proportions also, which are established between the sons already advanced and the other devisees, would be disturbed by the construction of the plaintiff, as the estates already given in advancement were *not liable* to be defeated by dying without

Hartford,
June, 1814.

Couch
v.
Gorham.

issue. It has been suggested, that the power to sell the estate of *Zebulon* which is given to *Nehemiah*, need not have been conferred, if *Zebulon* had owned an absolute fee. It might, however, be rather inferred, as the estates are declared by the testator to be alike, that *Zebulon* had an absolute fee, and not a defeasible life-estate; else why should it be sold for his support at all? It is very obvious, that *Nehemiah* could have no power to sell, unless specially conferred by the will.

The estate claimed by the plaintiff being by executory devise, every fair construction ought to be given in support of the defendant's right; as executory devises, incapable of being barred or aliened till the event happens on which they depend, are opposed to sound policy, and reluctantly tolerated by the law.

*Sherwood* and *Bissell*, contra. The general question in this case is, what estate *Benjamin Couch* took under the will? This question depends on the construction of the clause—" if either of my sons        without issue" &c. In determining the construction, the intent of the testator, apparent upon the will, must unquestionably govern. Was it his intent to guard against intestacy; or to make a disposition of his estate to take effect after his death? That he had the latter object principally in view is evident, not only from the situation of the devisor, and the consideration that this must be the object of every testator, but from other circumstances. No provision was made in the case of the death of his daughters or grand-children. It was manifestly his intention to debar the daughters from the part given to the sons, and to preserve the estate in the name of the family. This object is best effected by the construction claimed by the plaintiff. On the other ground, as soon as the sons took any thing under the will, they took a fee; and if a son had then died without issue, the daughters would have been his heirs. The construction claimed by the plaintiff preserves the proportions, which the testator intended should be preserved. No son took a fee by the event of having issue; but a fee was given to the issue, if there were any. The grand-children took but half as much as a son, but took a fee.

The word " die" is the only one which can be implied

from the words expressed. If this be implied, the sons took only a fee defeasible in the event of dying without issue. *Holmes* v. *Williams,* 1 *Root* 335. *Porter* v. *Bradley,* 3 *Term Rep.* 146. *Wilkinson* v. *South,* 7 *Term Rep.* 555. *Roe* d. *Sheers & al.* v. *Jeffery,* 7 *Term Rep.* 589. If so, the limitation over could not be destroyed by the first taker. His alienation is inoperative ; of course, the plaintiff is entitled to recover.

INGERSOLL, J. The question in this case arose on the following clause of the will of *Samuel Couch,* the testator, *viz.* " And my will further is, that if either of my said sons *without issue,* then in such case, the share and part given to such deceased son shall go and vest in his surviving brethren, or those that legally represent them." The court below understood the will in the same sense as if the word *die* had been inserted next before the words " without issue," supposing it to have been the manifest intent of the testator, that in the event of one of the sons dying without issue all his brethren surviving, or their representatives, should take his share, and gave judgment for the plaintiff, one of the surviving brethren of *Benjamin.* If the words " die without issue" had been expressed in the will, there is no question but the surviving brethren of *Benjamin,* or their representatives, must have taken the estate, notwithstanding any conveyance that might have been made by him. They would have taken the estate as by an executory devise, wherein a fee may be limited after a fee. That such was the intent of the testator, I think, may be inferred from the whole will taken together. He was making provision for all his children, and meant not that any of his estate should be undevised. It was, indeed, ingeniously argued by the counsel in favour of a new trial, that probably it was the intent of the testator, that the estate should go over to the surviving brethren in the event of the devisee of it dying without issue *in the life-time of the testator.* But it is a conclusive answer to this construction, that if it were to prevail, this part given to *Benjamin* might, on his so dying leaving issue, have been undisposed of, and have been subject to a distribution among all the heirs. This certainly could not have been the intent of the testator.

On the whole, I am clearly of opinion, that it was the

*Hartford,*
*June, 1814.*

Couch
*v.*
Gorham.

manifest intent of the testator, that if any one of the sons should die without issue, after having taken the estate, that is, after the death of the testator, in such case his surviving brethren should be entitled to his share. I therefore think, that the construction put on this will by the superior court was right, and would not advise a new trial.

In this opinion all the other Judges concurred, except REEVE, Ch. J., who dissented.

New trial not to be granted.