WRIGHT <em>against</em> POND.

Though it is an established rule of law, that a deed shall be so construed *ut res magis valeat quam pereat ;* yet the language used must controul ; and if

New-Haven,
July, 1834.

Wright
*v.*
Pond.

that language imports nothing; if by the rules of law, it is senseless; if there is an entire uncertainty in its meaning, or an absolute repugnancy, the instrument will be deemed void.

Therefore, where an insolvent debtor executed an instrument, purporting to be a deed of assignment of his property, *for the benefit of his creditors;* and the grant was to *A, B* and *C,* or either, *habendum* to them, or either, upon the trust, they, or either, should take the property and proceed with the same, &c.; it was held, that this being a grant to three persons, or to either one of those persons, was void for uncertainty.

THIS was an action on the case against the defendant, as sheriff of *New-Haven* county, alleging, that *Grindley Harrison* was indebted to the plaintiff; that a suit was brought against him, by writ of attachment, and his goods were thereby attached; that a judgment was recovered against him for 1451 dollars, 18 cents; that execution issued thereon and was returned *nulla bona,* by the defendant's deputy, though there was personal property, which had been attached by him, and which ought to have been levied on.

The plaintiff's debt against *Harrison,* the issuing and service of his writ of attachment, the recovery of the judgment, the delivery of the execution to the defendant's deputy and return of it unsatisfied, as stated in the declaration, were admitted, by the defendant. He further admitted, that the plaintiff was entitled to a recovery, unless the property in the goods attached, was, previous to the attachment, legally transferred from *Harrison,* and vested in *Silas Mix* and *Justin Redfield,* or in one of them. On the 5th of *March,* 1833, before the service of the plaintiff's attachment, *Harrison* executed a deed of assignment of the goods in question, with other property; which, (a few immaterial clauses being omitted) was as follows: " That I, *Grindley Harrison,* of *New-Haven,* for the consideration of one dollar, received to my full satisfaction of *Justin Redfield, Henry W. Brintnall,* and *Silas Mix,* of said *New-Haven,* and being justly indebted to many persons to the amount of many thousand dollars to me unknown, and being, by misfortune, rendered unable to pay the whole of the same, and for the purpose of a just distribution, do assign, transfer, convey and deliver unto said trustees and assigns, or either, all the following stock of goods, crockery, merchandize and chattels contained in this book, under the mark A:

" *To have and to hold* the same unto them, or either, their

heirs, executors, administrators and assigns, upon the trust, that they, or either, shall take said merchandize or property into their possession, or either, and sell and dispose thereof, by public or private sale, as speedily as may be, and apply the avails thereof, after the expenses of this assignment, in payment of the debts of all my creditors wherever found, in proportion to their respective claims; that the same may be proceeded with, and that said assignees and trustees, or either, may proceed with the same, in all respects according to the true intent and effect of the act entitled ' An Act in addition to an Act against fraudulent conveyances ;' and to receive, allow and pay the debts of my said creditors, as in said act required.

"And I do hereby give said trustees, or either of them, full power to institute suits in my name, necessary to recover said property, or the avails thereof.

"And I do hereby further assign, transfer, convey and deliver to said trustees, on the consideration aforesaid, and to enable said trustees, or either, the more conveniently to execute their said office, the store which I now occupy."

This instrument was duly acknowledged and lodged for record in the probate office, on the day of its date and execution. *Brintnall,* one of the persons named as assignees, declined accepting the trust. *Mix* and *Redfield* accepted the trust, and took possession of the property assigned.

On the 15th of *March,* 1833, subsequently to the service of the plaintiff's attachment, *Harrison* executed a release deed of the same property to the persons named as assignees in the former instrument ; *habendum* "unto the said *Redfield, Brintnall* and *Mix,* and all of them, upon the trust and for the purpose and intent mentioned in said former assignment of the 5th of *March,* 1833."

The case, by agreement of the parties, was reserved for the consideration and advice of this court, as to what judgment ought to be rendered.

*Seeley,* for the plaintiff, after premising, that the case turned upon the sufficiency of the first deed of assignment to pass the ownership of the property, (the second deed not being material, as it was executed after the plaintiff's attachment,) contended, That the first deed was void for uncertainty. In support of this position, he urged the following considerations.

1. By the statute, the assignment must be *in writing ;* and therefore, *wholly* in writing, as much as a deed of land, or a last will. The court can know what the debtor *meant*, only from what he has *said :* to go beyond that, would be to enter the field of conjecture.

Nor will the court take into consideration the meritorious object the party had in view : if it is lawful and sensible, the contract will be carried into effect ; otherwise, not. *Thelluson* v. *Woodford,* 4 *Ves.* 329. *per* the Master of the Rolls.

Nor does the statute affect the construction of the instrument in question : it dispenses with no requirement of the common law.

2. The debtor assigns " unto the said trustees and assignees, *or either*"—" to have and hold to them, *or either*"— upon trust " that they, *or either,*" &c. It is, in effect, a grant to *Redfield, Brintnall* and *Mix, or* to *Redfield, or* to *Brintnall, or* to *Mix ;—either* to all three jointly, *or* some one of them *alone,* but not in any event to *two,* nor to any *one* in particular.

If the deed in question conveys any interest, it is a *present* interest. 4 *Com. Dig. tit.* Estates by Grant. (9. 14.) But a grant to three persons, or either of them, vests no interest ; because no one is designated to take. It is not a grant to *three ;* because the grantor has chosen to put it in the alternative, *i. e.* to the three, *or either* of the three.

The present instrument may be a power of attorney, authorizing the three, or either of them, to do certain acts ; and in that case, it would be revocable : it would vest no interest in the parties named, being a mere naked power, not coupled with any title or interest, according to the doctrine in *Mansfield* v. *Mansfield,* 6 *Conn. Rep.* 562. and other strong cases there cited ; and if so, the ownership remained in the debtor, and was attachable.

Nor was there any interest, which *Redfield, Brintnall,* and *Mix,* or either, could disclaim, according to the rule, that if there be a conveyance in trust, to two or more, and part dissent to the grant, the title vests in the other ; (4 *Ves.* 99. 2 *Swanst. Ch. R.* 392. 3 *Paige's Ch. Rep.* 420.) for, here is nothing given to three, nor to two, nor to one ; so that if *either* disclaims, he merely renounces what never was offered to *him.*

3. The authorities decide this case. " Where the words of a deed are so uncertain that the intention of the parties cannot

be discovered, the deed will be void.    Thus, a gift to *A* or *B*, or to one of the children of *J. S.*, he having four children, is void for uncertainty."    4 *Cruise's Dig.* 206. *sec.* 29. *Co. Litt.* 20. *b.*

So in *Windsmore* v. *Hobart, Hob. Rep.* 313.—Demise to one, *habendum* by way of remainder, to the same person and three others in succession (*successive :*) the court, " after long debate and upon great consideration," held, " that they (*i. e.* the remainder-men) cannot take but by way of remainder, which cannot be joint, because of the word *successive*.    And in succession they cannot take, for the uncertainty who shall begin and who shall follow."

So *Perkins* (*sec.* 56.) says : " If a rent be granted unto *J. S.* or *J. D.*, this grant is void for uncertainty ; for a rent cannot pass without deed ; then the delivery of the deed, cannot cause a deed that is void, to take effect."    The same doctrine is summed up in 2 *Preston on Estates* 10.    *Com. Dig. tit.* Estates by Grant. (A. 2.) and cases cited *ibid.*    A devise with the like uncertainty, is void.    *Com. Dig. tit.* Estates by Devise.  (K.)

4. The same uncertainty is kept up throughout the present instrument :—the grant is to them, *or either* of them—the *habendum* to them, *or either*—they, *or either*, are required to execute the trusts—and they, *or either*, are to bring suits, &c. So that the intent cannot be mistaken ; nor is there any repugnancy between the meaning of the party and the language he has used to express it ; nothing which can be rejected as opposed to the intent, or inconsistent with any other part of the instrument.

The word *or* is sometimes used copulatively for *and ;* and courts will so construe it, where the party clearly so intended it. 1 *Sw. Dig.* 222. 1 *P. Wms.* 433. 3 *T. R.* 473. So in 1 *Plowd. Com.* 288. *b.* it is said : " In our law, we may frequently see the disjunctive taken as the copulative, and the copulative as the disjunctive, in order to make the words stand with reason, *and the intent of the parties.*"    But in the present case, the *disjunctive intent* is purposely and guardedly kept up, from first to last.    The ambiguity is in the *intent :* to give to them or either of them, is, *in the intent* of the party, according to the authorities, incurably uncertain ; and therefore, no interest can pass.    The language used expresses exactly

*New-Haven,* *July, 1834.*

Wright *v.* Pond.

*New-Haven,*
*July, 1834.*

*Wright*
*v.*
*Pond.*

the uncertainty which the party meant; and the case, there-fore, falls within the principle laid down by Ld. Ch. J. *Willes,* (*Parkhurst* v. *Smith, Willes Rep.* 332.) who, after remark-ing that the court ought to inquire into the intention of the parties, proceeds to say: " If the intent be as doubtful as the words, it will be of no assistance at all." " We cannot put words in a deed, which are not there ; nor put a construction on the words of a deed directly contrary to the plain sense of them."

The ancient rule applies here; " where there is no ambigu-ity in the words made use of, no exposition shall be made contrary to them."    1 *Sw. Dig.* 223. *Shep. Touch.* 252.

Therefore, as the intent of the party, and the words he has used to express that intent, agree in creating the same uncer-tainty, and fail to designate any grantee, no estate was trans-ferred from the debtor : in judgment of law, such an instru-ment is void.

*Hitchcock,* for the defendant, insisted, That the instrument in question was effectual to transfer the property. He re-marked :

1. That every instrument is to be construed according to the intention of the parties.    1 *Sw. Dig.* 225.

2. That the manifest intention of the parties, in this case, was, to assign the property, under the statute, to the persons named in the instrument as assignees, and to provide for the refusal of one or two of them to accept the trust.    Other rules, of a subordinate character, lend their aid to produce the same result.    Such as,

3. That every instrument should be so construed as to give *full* effect to all the words, if practicable ; (1 *Sw. Dig.* 184. 225.)    and if not, then *as much* effect to all the words as can be done.

4. That if to some of the words no effect can be given, they may be rejected as useless ; as a grant to a man and his heirs, for a thousand years ; to a sole corporation, his heirs and suc-cessors ; to a man and his heirs male, &c.    Or, if not useless, as repugnant to the other granting words.    1 *Sw. Dig.* 227. *Jackson* d. *McNaughton* v. *Loomis,* 18 *Johns. Rep.* 81.    But uncertain, useless, or repugnant words shall never destroy an instrument, if by their rejection, it can take effect.

New-Haven,
July, 1834.

Wright
v.
Pond.

**5.** That in conformity to these rules, *or* may be construed *conjunctively;* (2 *Binn.* 544. 40 *Mass. Rep.* 188.) and if so construed, in this case, the instrument conveys a joint and several interest to the trustees; which is lawful, and will fulfil the intention of the parties.

**6.** That if the words " or either," are *rejected*, then a joint interest is conveyed. This also is lawful, and will accomplish the object of the parties.

DAGGETT, Ch. J. The sole question presented for the decision of the court, is, whether the deed of assignment recited, be a valid instrument. I have carefully inspected it, with a view to this object. It is a well established rule of law, that a deed shall be so construed *ut res magis valeat quam pereat.* The court must suppose, that there was an intention in *Grindley Harrison* to transfer his property for the benefit of his creditors; and this intention must be effectuated, if possible. But there is another principle equally important. It is, that those who expound contracts and deeds, must permit the language employed to controul. If language is so used as to import nothing; if the words, by the rules of law, are senseless; if there is an entire uncertainty of the meaning of an instrument, or an absolute repugnancy; the court is not at liberty to make a deed or contract such as in their judgment it ought to have been; but all that the court can do, is, to declare it void.

With these principles in view, I have reflected on this case, and have come to the result, that the assignment is void for uncertainty; and therefore, judgment must be given for the plaintiff; for the property was not legally conveyed, when the attachment was levied. Cases have been adverted to, by the counsel for the defendant, where the court have interpolated words, where the plain intention could be collected from the whole instrument. Thus, in a will, in *Couch* v. *Gorham,* 1 *Conn. Rep.* 36. the court supplied the word *die* in the following clause : " If either of my said sons     without issue, then," &c. upon the manifest intent of the testator, as expressed on the whole will. The most benign interpretation is always given to a devise. So a promissory note thus expressed : "For value received, I promise to pay to *A. B.* thirty-nine eleven and sixpence," was construed to mean thirty nine pounds, eleven shillings, and six pence.

*New-Haven,*
*July, 1834.*

*Wright*
*v.*
*Pond.*

In both these cases, there was most clearly an omission of a material word, which the court supplied, by other parts of the instrument.

It is also said, that the word *and* is frequently substituted for *or ;* and that if such a substitution is made in this deed, it will appear to be an assignment to these persons *jointly,* and to the same persons *severally.* Without adverting to the operation of the instrument, if we could so read it, it cannot be so read, without violence to the whole frame of it. There is evidently a studied use of the disjunctive *or.* It is thus used no less than seven times, in this short instrument. The intention was, if the conjecture may be indulged, if either of them, or if either two of them, should decline the trust, the others or the other should take the property, and execute the whole power. And were it a mere power, it might be good as such ; that is, the whole three, or either of them, might act as agents; but if it be a power, it is coupled with an interest ; and the question is, did any interest pass ; and if so, to whom ? That question can be answered only in the negative. The court can only compare it to a deed, assignment or grant to either of two or more persons. A deed, for example, to *A. B.* or *C. D.,* a devise to *one* of the children of *J. S.,* he having more than one. By all the rules of law, such a deed, or such a devise, is void for uncertainty. It is, in effect, to make an assignment to *Redfield, Brintnall,* and *Mix ;* or to *Redfield,* or to *Brintnall,* or to *Mix ;* either to all three jointly, or to some one of them alone, but in no event, to two, or to any one in particular. 4 *Cruise's Dig.* 206. *sec.* 29. *Co. Litt.* 20. *b.*

In *Hobart,* 313. there is a case bearing directly on the point. Demise to one, *habendum* by way of remainder, to the same person, and to three others in succession [*successivè*]. The court, after long debate, and upon great consideration, held, that they [the remainder-men] cannot take but by way of remainder, which cannot be joint, because of the word *successive ;* and in succession they cannot take, for the uncertainty who shall begin and who shall follow." The same doctrine is to be found, substantially, in *Perk. sec.* 56. 2 *Prest. on Estates,* 10. *Com. Dig. tit.* Estates by Grant. A 2. *Parkhurst* v. *Smith, Willes,* 332.

Let there be judgment for the plaintiff.

The other Judges were of the same opinion, except PETERS, J., who was absent.

Judgment for plaintiff.