HAYDEN and another *against* WESCOTT.

The acknowledgment of a deed must appear upon the deed ; and no defect in the certificate of the magistrate can be helped, by parol evidence.

Where the certificate was in these words : " Personally appeared and acknowledged this instrument, by him sealed and subscribed, to be his free act and deed ;" it was held, that such certificate did not import an acknowledgment by the grantor.

THIS was an action of ejectment for one undivided ninth part of three pieces of land in *Killingly,* formerly owned and possessed by *Parley Whittemore.* The defendant pleaded the general issue ; on which the cause was tried, at *Brooklyn, October* term, 1834, before *Bissell,* J.

The plaintiffs claimed title to the demanded premises, by virtue of a deed, in common form, executed by *Knight Whittemore,* one of the nine children of *Parley Whittemore.* The possession by the defendant and the ouster alleged, were admitted. The plaintiffs offered in evidence said deed of *Knight Whittemore,* upon which the only certificate of acknowledgment was in these words : "State of *Vermont, Windsor* county, *ss. Woodstock, May* 25th, 1831. Personally appeared and acknowledged this instrument, by him sealed and subscribed, to be his free act and deed. *Eli Dunham,* Justice of the Peace." The defendant objected to the admission of this deed, on the ground that such certificate of acknowledgment was defective. The judge sustained the objection, and for that cause rejected the deed. The plaintiffs then offered the same deed, and, in connexion therewith, offered also the deposition of said *Eli Dunham,* that *Knight Whittemore,* the grantor of the deed, appeared before him, the justice, at the time and place stated in the certificate, and acknowledged it to

*Windham,*
*July, 1835.*

*Hayden*
*v.*
*Wescott.*

be his free act and deed. To the admission of the deed and deposition thus offered, the defendant objected ; and the judge sustained the objection and excluded them. The jury returned a verdict for the defendant ; and the plaintiffs moved for a new trial.

*Judson* and *Welch,* in support of the motion, after remarking that no specific *form* is required by statute for the acknowledgment of deeds ; (*Stat.* 302.)and that if the statute requisite be *substantially* complied with, it is sufficient, (*Jackson* d. *Merritt* & al. v. *Gumaer,* 2 *Cowen* 552. *McKeen* v. *Delancy's* lessee, 5 *Cranch* 22. *McFerran* & al. v. *Powers* & al. 1 *S. & R.* 102. 105, 6.) contended, 1. That this certificate, fairly construed, shows, that the grantor, who subscribed and sealed the instrument, was present, and made the acknowledgment. It is all one instrument. The name of *Knight Whittemore,* as the subscriber and sealer, immediately precedes the pronouns *" him"* and *" his ;"* which refer to *Knight Whittemore.* The objection is, that the certificate does not show *who* appeared and acknowledged. But it does show, that such person was the one who *sealed* and *subscribed* the instrument. This is unlike the case of *Stanton* v. *Button,* 2 *Conn. Rep.* 527. where the word *acknowledged* was omitted. In that case, there was no word of reference in the instrument, nor words substituted.

2. That the parol evidence offered was admissible. The certificate of the magistrate is never conclusive. It may be contradicted, by parol proof ; and as a necessary consequence, it may be supported, by such proof. *Jackson* d. *Wyckoff,* v. *Humphrey,* 1 *Johns. Rep.* 498. *The United States* v. *The Jason,* 1 *Pet. Rep.* 450. *Bassett* v. *Marshall,* 9 *Mass. Rep.* 312. *Colburn* v. *Ellis* & al. 5 *Mass. Rep.* 427. *Welles* & al. v. *Battelle* & al. 11 *Mass. Rep.* 477. 3 *Stark. Ev.* 1044. n. 1054.

*Strong,* contra, insisted, 1. That there must be a certificate that the deed has been duly acknowledged ; and without this certificate, the town-clerk is not authorized to record the deed. *Stat.* 302. *Stanton* v. *Button,* 2 *Conn. Rep.* 527.

2. That the certificate appended to the deed, not showing who made the acknowledgment, is insufficient. Consistently

with this certificate, any other person than the grantor might have appeared and acknowledged the deed.

3. That parol evidence was inadmissible to supply or cure the defect. If the certificate does not show an acknowledgment by the grantor, it shows nothing. The question then is, whether the grantee may, without any certificate, show an acknowledgment by parol. This would defeat the statute; and is alike opposed to invariable practice and the direct decisions of this court. *Stanton* v. *Button*, 2 *Conn. Rep.* 527. *Pendleton* v. *Button*, 3 *Conn. Rep.* 406.

BISSELL, J. One question presented by this motion, is, whether the parol evidence offered at the trial, was properly rejected. The admission of the testimony could have proceeded only on the ground, that the acknowledgment of the deed was imperfect, and required to be made out, by evidence *aliunde.* It was offered to supply that which was supposed to be wanting in the certificate of the magistrate. Is testimony of such a character and for such a purpose, admissible?

The statute requires that all deeds of land shall be acknowledged: and the only question is, how the acknowledgment shall be evidenced; because it is obvious, that if parol evidence may be introduced, to aid a defective certificate, on the same principle it may be introduced to supply one. The acknowledgment may rest in parol, and the certificate of the magistrate may be entirely dispensed with. The claim now made, inevitably leads to this conclusion. It can only be necessary to observe, that such a claim is opposed to the uniform course of practice, to the spirit and meaning of the statute, and to the authority of adjudged cases.

In *Pendleton* v. *Button*, 3 *Conn. Rep.* 406. 412. the court say: "The acknowledgment, to be recorded, must necessarily be in writing; and such is the invariable practice. To the record all men recur for the purpose of ascertaining the title of lands: and to satisfy the enquiry, a written acknowledgment is indispensably necessary." The same point was decided in *Stanton* v. *Button*, 2 *Conn. Rep.* 527.

We are then brought to the enquiry, whether the deed offered in evidence was duly acknowledged. The acknowledgment was in these words: "Personally appeared and acknowledged this instrument, by him sealed and sub-

scribed, to be his free act and deed." We readily yield to the argument of the plaintiffs' counsel, that the certificate is to receive a reasonable construction; and the question is, whether by fair and legal intendment, it can be said that the *grantor* appeared and acknowledged the instrument *by him* subscribed, to be his free act and deed. And this question, it may be remarked, must be determined upon the instrument as it is. " A court cannot, by intendment or construction, fill a blank or supply a word.♦ They can only decide on the meaning and import of the words made use of." *Stanton* v. *Button,* already cited.

It has been urged, that the acknowledgment is a part of the deed; and that, in giving a construction to the certificate, the whole instrument should be taken together; and that the pronouns "*him*" and "*his*" in the certificate, refer to, and should be supplied by the name of *Knight Whittemore*, the last antecedent. The rule undoubtedly is, that in construing an instrument, the whole must be taken together. But the application of the rule to this case, may well be questioned. Admitting it, however, to apply; and the construction put upon the certificate, by the plaintiffs' counsel, to be correct; it would then read in this manner : " Personally appeared and acknowledged this instrument, by *Knight Whittemore* sealed and subscribed, to be his (*Knight Whittemore's*) free act and deed." Now, could this, according to any rule of construction, be intended to be the acknowledgment of the grantor ? Would not the inference be the other way; and that some person other than the grantor appeared and acknowledged the deed ?

It has been said, again, that the certificate is the language of the magistrate ; and that its fair import is, that the person by whom the deed is executed, appeared and acknowledged it. If this be so, the deed is undoubtedly well acknowledged. But are not the terms of the acknowledgment always the language of the person making it ? And does the certificate of the magistrate import any thing more than that it was made before him, and in his presence ? And is it the fair import of this certificate, that the grantor appeared and made the acknowledgment ? The certificate is, to say the least of it, equivocal ; and every word of it would be satisfied, provided some person other than the grantor, appeared before the magistrate and acknowledged the instrument. How, then, can we say, that the re-

quirements of the statute have been complied with ; and that this deed has been duly acknowledged by the grantor ? If we were permitted to look away from the certificate and to speculate upon probabilities, we might, and undoubtedly should, come to the conclusion, that the deed was acknowledged by the grantor ; because it is highly improbable that any other person should have appeared and made the acknowledgment. And so too, in the case of *Stanton* v. *Button,* the court might have inferred, that when the grantor came before the magistrate, he came to make, and did in fact make, the acknowledgment ; because he could have appeared for no other legitimate purpose connected with the deed. But we may not thus speculate. We can only give a construction to the certificate ; and upon this a majority of the court are of opinion, that the deed is not duly acknowledged, and that it was properly rejected on the circuit.

The rule to shew cause, is, therefore, discharged.

WILLIAMS, Ch. J. and HUNTINGTON and WAITE, Js. were of the same opinion.

CHURCH, J. In the construction of deeds and other writings, if the court can discover the meaning intended to be conveyed, with such a degree of moral certainty as to leave no reasonable doubt of such meaning, the intention so expressed, if consistent with the rules of law and the purposes of the parties, should be supported. When I look over this deed in connexion with the certificate of the magistrate, I think I see, with all this certainty, that it has been acknowledged according to law. I have no doubt but the evidence of the acknowledgment of a deed should appear upon the deed and be in writing. The certificate or evidence of acknowledgment is a part of the deed, and is to be construed in reference thereto.

To the deed in question, the signature and seal of *Knight Whittemore,* the grantor, are affixed *by himself ;* and immediately follows the official certificate of the magistrate of the acknowledgment. In this certificate, the magistrate alone is speaking ; and he certifies to the truth of several facts : first, that some one appeared before him in person ; for he says *"personally* appeared." Secondly, that the person appearing *acknowledged* the deed to be his free act—" and *acknowledged this instrument,"* &c. Thirdly, that the person thus

*Windham,*
*July, 1835.*

Hayden
*v.*
Wescott.

appearing and acknowledging the deed, was in fact the grantor, *Knight Whittemore—" by him sealed and subscribed,"* &c. It is not doubted, that a certificate averring that the grantor of the deed appeared and acknowledged it, without giving his name, would be sufficient. It appears to me, that the present certificate is equivalent to such an one. To give to this certificate, this construction, it is not, in my opinion, necessary to supply any words, which may be supposed to have been omitted; but if it was, then the words *" which was,"* inserted next after the word *" instrument,"* would give to the certificate certainty to a common intent at least. And that words may be supplied to effect a construction manifestly in support of intention, is well settled. *Booth* v. *Wallace,* 2 *Root* 247. *Couch* v. *Gorham,* 1 *Conn. Rep.* 36. *Bigelow* v. *Benedict* & al. 6 *Conn. Rep.* 116. *Peck* v. *Wallace,* 9 *Conn. Rep.* 453. *Wright* v. *Dickinson,* 1 *Dow,* 141. 147. 1 *Chitt. Gen. Prac.* 124. But if the language used is capable of two constructions, which, in the present case, I am bound to concede, I adopt that which is consistent with and will support the validity of the deed. 1 *Sw. Dig.* 223. 225. 229. *Hob.* 277. *Shep. Touch.* 84. 2 *Wms. Saun.* 96. n. 1.

New trial not to be granted.