RACHEL E. ALFRED, ADMINISTRATRIX, vs. NEHEMIAH
MARKS AND OTHERS.

A testator made a devise of real estate to a trustee for his son L, then
seven years of age, to be used for his support until he should become of
lawful age, and then to be his forever; with the following further pro-
vision:—"In case he should die without children his portion shall be
given as follows: $1,000 to the heirs of my son W, $500 to N, $500 to M,
and the remainder to R." L survived the testator, but died before
becoming of age.    Held—

1.   That the gift over of $1,000 to the heirs of W was void as contrary to
the statute against perpetuities, inasmuch as the heirs of W at the time
of L's death might have been grandchildren, and so not the issue of
persons in being at the time of the testator's death, and such possibility
being enough to make the bequest void.

2.   That the bequests to the others, who were living at the testator's death,
were good as executory devises.

3.   That the bequests to N and M were a charge on the real estate distrib-
uted to L and payable out of it; and if it should prove insufficient they
were to be paid pro rata, and if more than sufficient the remainder was
to go to R.

R was made residuary devisee and legatee.    Held that the reversion
of property given to the widow during widowhood went with the
residue.

CIVIL SUIT for advice as to the construction of the will of
Merritt Marks, and as to the legality and effect of provis-
ions in it, the plaintiff being administratrix of his estate
with the will annexed; brought to the Superior Court in
Litchfield County.   Facts agreed and case reserved for
advice.   The case is sufficiently stated in the opinion.

C. B. Andrews, for the plaintiff.

H. B. Graves, for Willis M. Marks, one of the defendants.

PARK, C. J.   Several questions are presented in this case
for our consideration, most of them growing out of the
seventh item in the will of Merritt Marks, which is as
follows:—" I give to Lewis Catlin of Harwinton, Connecti-
cut, in trust for my son Lewis L. Marks, one half of the

remainder of my estate, to be used for his support until he is of lawful age, then to be his or his children's forever. In case he should die without children his portion of the remainder shall be given as follows:—One thousand dollars to the heirs of my son Willis M. Marks; five hundred dollars to the said Nehemiah Marks, his heirs or assigns; five hundred dollars to the guardian of Merritt Augustus Alfred, in trust for the said Merritt Augustus Alfred, his heirs or assigns; and the balance of said remainder to be given to my daughter, Rachel E., wife of Augustus B. Alfred of said Harwinton, her heirs or assigns." The portion of Lewis L. Marks was distributed to the trustee for him almost wholly in real estate, of which the estate of the testator mainly consisted.

The first question is, whether the legacy given to the heirs of Willis M. Marks in case Lewis L. Marks should die without children, is valid. Lewis L. Marks died at the age of seventeen years without children, so that the contingency has happened on which the bequest of one thousand dollars is given to the heirs of Willis M. Marks.

If this contingent interest is valid, it is so only as an executory devise, for the fee of the property vested in the trustees for the benefit of Lewis L. Marks, on the death of the testator. The phrase, "to be used for his support until he is of lawful age, then to be his or his children's forever," has reference only to the time when Lewis shall come into the actual possession of the property. This was so held by this court in regard to the bequest to Lewis in the second item of the will, which is as follows:—"I give to Lewis Catlin of Harwinton, in trust for my son, Lewis L. Marks, the sum of one thousand dollars, the interest to be used for his benefit until of lawful age, then the principal to be his or his heirs and assigns forever." This court held that the property became vested in the trustee for the benefit of Lewis on the death of the testator; but that the time when he should come into the actual possession of it was postponed until he should arrive at lawful age. *Newberry* v. *Hinman, ante,* p. 130.

A testator devised certain lands "to *A*, and his heirs provided that if he should die within age the land should remain to *B* and his heirs." It was held that this would be void in a deed, as granting a fee after a fee; but that it was a good executory devise; because *B* takes the estate, not by way of remainder, but upon the happening of the contingency of *A's* dying within age. Palm., 136. Where one devised lands "to his son, his heirs and assigns forever, and if he should happen to die before he attained the age of twenty-one years, leaving no issue living at the time of his death, then over to *C* in fee," this was held to be a good executory devise to *C*. 2 Wils., 29. A testator devised his estate to his daughter and her heirs and assigns forever, and if she died without issue living at the time of her death, then to *T. B.* and his heirs. It was held that the whole fee being given to the daughter and her heirs, no further remainder over could be limited upon that fee, and therefore the estate given to *T. B.* was a new fee limited upon a contingency as an executory devise. 2 Bos. & Pul., 324. SWIFT, (1 Digest, 145,) defines executory devises to be "such a disposition of lands in a will that no estate vests at the death of the testator, but on some future contingency; and by these a remainder may be limited after an estate in fee simple." KENT, (4 Com., 268,) says:—"There are two kinds of executory devises relative to real estate, first, where the devisor parts with his whole estate, but upon some contingency qualifies the disposition of it, and limits an estate upon that contingency. Thus, if there be a devise to *A* for life, remainder to *B* in fee, provided that if *C* should, within three months after the death of *A*, pay one thousand dollars to *B*, then to *C* in fee, this is an executory devise to *C*, and if he dies in the life time of *A* his heirs may perform the condition."

Authorities upon this subject might be cited indefinitely. It is clear therefore that if the bequest in question is valid, it is valid not as a remainder by the common law, but as an executory devise, taking effect upon the happening of the contingency of the death of Lewis without children.

Without stopping to consider the other questions which have been raised regarding this bequest, we think it is clear that the contingent interest given to the heirs of Willis M. Marks is void by our statute against perpetuities, which declares that "no estate in fee simple, fee tail, or any less estate, shall be given by deed or will to any persons but such as are, at the time of making such deed or will, in being, or to their immediate issue or descendants." Gen. Statutes, p. 352, sec. 3.

At the time of making the will in question, Lewis L. Marks, to whom the estate was first given, was but seven years of age. There was then a possibility that he might attain to the age of seventy. The contingent interest could not become vested until his death. In the mean time Willis M. Marks might have children and grandchildren, and on the death of Lewis grandchildren alone might survive, to whom the bequest in question would be given were it not for the statute. In the case of *Rand* v. *Butler, Admr.*, 48 Conn., 293, this court has said (p. 299):—"Under this statute it has been held that any conveyance by devise, bequest or grant which may by possibility violate the statute is void, whether it does so in fact or not. All estates must vest during the life time of some person in being or the life time of the issue of some person in being. The same necessity exists by the common law, which requires that limitations by way of executory devise must be made to take effect after the death of the testator, during the life or lives of persons in being and twenty-one years afterwards, and any such devise which by possibility may not so take effect has been held to be void." The same principle had previously been held in the case of *Jocelyn* v. *Nott*, 44 Conn., 55. See also *Brattle Square Church* v. *Grant, et al.*, 3 Gray, 142; *Sears* v. *Russell et al.*, 8 Gray, 86; and *Fosdick* v. *Fosdick*, 6 Allen, 41.

The bequest in the case at bar more clearly contravenes the provisions of the statute than that in the case of *Rand* v. *Butler*, just referred to. In that case the testator gave in trust certain property for the benefit of his grandson,

Thomas Bradley, during his natural life, with the following provision for its disposition after his death,—"and on the decease of the said Bradley, then the trustees are to deliver and transfer said land and houses to my heirs at law, to be to them and their heirs and assigns forever." This court held that if the heirs of the testator were to be selected on the death of Bradley, the remainder over would be void as contravening the statute. In that case a life estate only was vested in Bradley; here the whole estate is vested in trustees for the benefit of Lewis. There, as here, the heirs were to be selected on the death of the first taker of the property. And if in that case the estate might be carried to parties who were not in being when the will was made, nor were the immediate issue or descendants of persons then in being, very clearly such might be the case here.

In relation to the legacy given to Nehemiah Marks, and the one given to the guardian of Merritt Augustus Alfred, in case Lewis L. Marks should die without children, we think they are valid. These parties were living at the time the will was made, and the bequests, which were future contingent interests in the lands devised to Lewis, were good as executory devises. The contingent interests must vest in Nehemiah Marks and Merritt Augustus Alfred, or become a part of their estate on the death of Lewis without children.

In the case of *Morgan* v. *Morgan*, 5 Day, 517, the testator devised his real estate to his four sons, their heirs and assigns forever, but provided that if either of them should die without children, his brothers should have his part in equal proportion. It was held to be a good executory devise. In the case of *Couch* v. *Gorham*, 1 Conn., 36, a testator, having devised his estate to his three sons, two daughters and three grandchildren, and to their heirs and assigns forever, added the following clause,—"And my will further is, that if either of my said sons die without issue, then in such case the share given to such deceased son shall go to and vest in his surviving brethren and those that legally represent them." It was held that on the death of one of the sons

without issue, the surviving brothers took his share by way of executory devise.

We therefore answer the first question submitted by the administratrix, by saying that the legacy to the heirs of Willis M. Marks is void, but that those to Nehemiah Marks, and to the guardian of Merritt Augustus Alfred, are valid.

The second question is as follows :—" If said legacies are valid, or if either of them is valid, are they a charge upon the real estate ? " We answer that the valid legacies are a charge on the real estate devised to Lewis L. Marks. They are necessarily so since they are to be paid out of the portion given him, which included both real and personal estate.

The third question is :—" If said legacies, or either of them, are a charge upon the real estate, does such charge extend to any other real estate than such as was distributed to the use of Lewis L. Marks ? " We answer this question in the negative.

The fourth question is :—" If such legacies are a charge upon the real estate, and the real estate upon which such charge rests should prove insufficient to pay them all in full, are they to be paid *pro rata?* If not, in what order or proportion ? " We answer that they are to be paid *pro rata.* Neither of them has any preference over the other. After paying the two legacies, the balance of the property devised to Lewis L. Marks should be paid or transferred to Rachel E. Alfred.

The fifth question has already been answered.

The sixth and last question is as follows :—" Is the reversion in the property set out to the widow intestate estate, or does it go to the residuary legatee ? " We answer that it goes to the residuary legatee by the express provisions of the will.

The Superior Court is advised to render judgment in accordance with the opinions expressed upon the various points submitted.

In this opinion the other judges concurred; except

CARPENTER, J., who regarded the provision of the will as to the dying of Lewis L. Marks without children as meaning his death before reaching the age of twenty-one, in which case the bequest over would not come in conflict with the statute against perpetuities.