GEORGE A. HARMON, TRUSTEE, vs. ISRAEL HARMON ET ALS.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Under the statute against perpetuities which was in force for many years before its repeal in 1895, an attempted testamentary gift of a remainder to the "lawful heirs" of the life tenant, upon the latter's decease, was void; and if not otherwise disposed of by the will, such property became intestate estate of the testator and, as such, vested in his heirs.

A bequest of the entire income of all a testator's property to his widow and daughter during their lives, and the attempted disposition of the remainder to others is inconsistent with an intention upon his part that his widow should take any further share or interest in his estate upon his death. Accordingly, if such gift to the widow is expressly made in lieu of dower, and she accepts and enjoys it during her life, her legal representative is not entitled to any further interest in the personal property of her husband, which, by reason of the invalidity of a clause of his will, is afterward adjudged to be intestate estate.

This court will not attempt to advise as to the disposal by will of land situated in another State.

Submitted on briefs May 14th—decided June 5th, 1907.

SUIT to determine the validity and construction of the will of Julius Harmon of Suffield, deceased, brought to and reserved by the Superior Court in Hartford County, *Case, J.*, upon a finding of facts, for the advice of this court.

*Hugh M. Alcorn*, for the plaintiff.

*Walter H. Clark,* for Israel and Rufus Harmon *et als.*

*William H. Leete,* for Sarah C. Stiles, executrix, *et als.*

HALL, J. Julius Harmon died, testate, at Suffield in this State, November 22d, 1842. By his will of that date, he gave all his property to a trustee, to pay the interest and income thereof, annually, to his wife and his daughter Sarah E. Denison, during their lives, in equal proportions. Then followed this language: "If my said wife should survive my said daughter, and my said daughter should die leaving no children, then the said share of my said daughter shall go to my said wife during her life, but if she, my said daughter should leave children, then to go to said children, and if my said daughter should survive my said wife, then thereafter the whole of said rents, profits, interest, and income shall go and be paid over to my said daughter during her life, and after the death of both my said wife and said daughter, the said trustee after retaining enough of my said estate to pay him the sum of five hundred dollars as a reward and compensation for executing the duties of the aforesaid trust, shall deliver and transfer the remainder and residue of said estate to the lawful heirs of my said daughter, Sarah E. The above bequest to my said wife is to be received by her in lieu and full satisfaction of her claim to dower in my estate."

Mary Harmon, the testator's widow, died October 8th, 1858. His daughter and sole heir at law, Sarah E. Denison, died March 11th, 1905, leaving neither husband nor children, and leaving a will, the residuary legatee and the executor of which are parties to this suit. Her estate is in process of settlement in the Probate Court of the county in Massachusetts where she resided at the time of her death.

Other parties to this suit are the administrator *c. t. a.* of the estate of said Julius Harmon, the children and the representatives of children of deceased brothers and of a deceased sister of the testator, who survived him, and

children and the representatives of children of a half-brother and of a half-sister of the testator's first wife, who survived her.

The plaintiff is the successor of the trustee named in the will, and has now in his hands in this State personal property of the value of $3,250, and real estate in Massachusetts of the value of $250.

The advice originally asked for by the complaint was whether the property in the trustee's hands should be distributed to the lawful heirs of Sarah E. Denison, as determined by the laws of Massachusetts, where her kindred of the full and half blood would share equally in her estate, or by the laws of this State, which would exclude her kindred of the half blood. Subsequently, by amendment, the plaintiff asked advice, first, as to whether the attempted disposition of the remainder after the death of Sarah E. Denison contravened the statute of perpetuities, and if so, when, and in whom, the title to the remainder vested; and second, whether, if such remainder was intestate estate, any portion of it vested in the widow of the testator and should be distributed to her heirs.

By the repeated decisions of this court the testator's attempted gift of the remainder of the trust estate, upon the death of his daughter Sarah E. Denison leaving no children, "to the lawful heirs of my [his] said daughter," was void by our statute against perpetuities in force when the testator made his will and when he died. *Alfred* v. *Marks*, 49 Conn. 473; *Leake* v. *Watson*, 60 id. 498, 21 Atl. 1075; *Gerard* v. *Ives*, 78 Conn. 485, 62 Atl. 607.

By the laws of this State said remainder was intestate estate, and vested in the heirs of Julius Harmon at the time of his death, and the personal property in the hands of the plaintiff trustee should be delivered by him to the administrator *c. t. a.* of the estate of said Julius Harmon.

As to the disposal of the real estate in Massachusetts, of the value of $250, over which we have no jurisdiction, we give no advice.

The gift to the widow of at least one-half, and possibly

the whole, of the income of the entire estate during her life, was expressly made in lieu of dower, and was a valid gift which she accepted and enjoyed, apparently without having claimed any further interest in the estate. The disposal of the entire income of the estate during the lives of his wife and daughter was inconsistent with an intention on the part of the testator that the former should receive a further one-third share of his estate upon his death. The acceptance and enjoyment by the widow of the provision of the will for her benefit, without having claimed any further interest in the estate, debarred her from any statutory share in the personal estate of the testator. *Leake* v. *Watson*, 60 Conn. 498, 21 Atl. 1075; *Walker* v. *Upson*, 74 Conn. 128, 49 Atl. 904; *Grant* v. *Stimpson*, 79 Conn. 617, 66 Atl. 166.

These answers to the inquiries propounded by the amendment to the complaint render it unnecessary for us to consider the other questions asked.

The Superior Court is advised to render judgment in conformity with the above opinion.

No costs will be taxed in this court.

In this opinion the other judges concurred.