SMITH *v.* DETROIT TRUST CO.

EXECUTORS AND ADMINISTRATORS—FINAL DISTRIBUTION.
On application of executors for final distribution of estate, the court was not bound to follow previous consent decree entered during course of administration of estate, regardless of subsequent matters properly affecting rights on final distribution.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 23, 1931. (Docket No. 159, Calendar No. 35,655.) Decided June 1, 1931.

Bill by Harold R. Smith against Detroit Trust Company, a Michigan corporation, as guardian of certain minors' estates, and others to declare an ademption of part of a share of his sister, Margaret S. Rosevear, in their father's estate. During pendency thereof, plaintiff and defendant trust company, as executors of the father's estate, filed their final account. From allowance thereof and order of distribution, plaintiff appealed to the circuit court. Consolidation of the two actions was there had by consent and consent decree entered distributing the estate. Subsequent final accounts were then made and the case is here on appeal of plaintiff from order distributing estate differing from terms of consent decree. Affirmed.

*Bulkley, Ledyard, Dickinson & Wright,* for plaintiff.

*Clark, Klein, Ferris, Cook & Williams (Robert C. Winter,* of counsel), for defendant Margaret S. Rosevear.

WIEST, J.   Plaintiff, a devisee and legatee under the probated will of his father, filed a bill in the circuit court to have it decreed that the share of his sister Margeret S. Rosevear, also a devisee and legatee, had been in part adeemed.   While the suit was pending an executors' account was filed in the probate court, followed by allowance and order of distribution under the will, except as to the widow, who had elected to take under the statute.   Plaintiff herein appealed from that order to the circuit court. By consent the chancery suit and the appeal from the probate court were consolidated.   The parties interested in the cases so consolidated reached a settlement agreement and stipulated the form of a decree, and this the court entered April 19, 1929. No appeal was taken from the decree.

October 2, 1929, plaintiff and his coexecutor, Detroit & Security Trust Company, petitioned the circuit court to allow their accounts as executors, to order distribution in accordance with the consent decree, and close the estate.   October 23, 1929, the accounts of the executors were allowed, but, in ordering distribution of the estate, the court departed from the stipulated decree by directing the widow of the deceased to pay certain amounts to the devisees.   The amounts, so ordered, were necessary to pay a portion of the fees of attorneys allowed by the court.   February 25, 1931, plaintiff herein moved the court to modify that order on the ground that it subjected the share of the widow to the payment of $1,750, contrary to the terms of the consent decree, and, as that decree had become final by lapse of time without motion for rehearing, the court was without jurisdiction to modify or change the terms thereof.   This motion was denied, and the appeal we are now considering followed.

Plaintiff has acquired the interest of his mother in the real estate involved. Plaintiff, as an executor, asked the court to order distribution of the estate. This involved rights of legatees under the will and rights of the widow under the statute. Fees of attorneys, representing various parties and allowed by the court, totaled $7,850. After the consent decree the executors found it necessary to prepare two new accounts before they could distribute the estate. These accounts disclosed that the money in the estate had been used for administration expenses which did not include the fees of the attorneys in the litigation commenced by plaintiff. The executors did not have money in the estate out of which to pay the widow's proportionate share of the attorneys' fees, and before the court could make order of distribution, it was necessary to determine the widow's proportionate share of the attorneys' fees. The decree of April 19, 1929, entered in accordance with the agreement of the parties, carried no sanctity beyond that of other decrees. Upon application of the executors for final distribution of the estate, the court, presided over by the same judge, was not bound to follow the previous decree, entered during the course of administration of the estate, regardless of subsequent matters properly affecting rights upon final distribution.

We do not find it necessary to pass upon the point that the motion to modify the order of October 23, 1929, was made too late to be considered by the court. The motion to modify was properly overruled, and the order denying the motion is affirmed, with costs against plaintiff.

CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.