The Home Trust Company, Trustee (Estate of Moses Wheeler), *vs.* Bennett N. Beard et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 5th—decided March 21st, 1933.

*Harrison Hewitt* and *Mary E. Manchester*, for the defendant The Home Trust Company, administrator, *et al.*

*John B. Dillon,* for the defendants Beard and Kellogg, administrators, with whom was *Earl H. Jagoe,* for the defendant Fable.

MALTBIE, C. J. Moses Wheeler died in 1885 leaving a will in which he gave the residue and remainder of his real estate to a trustee to be divided into two equal portions, one to be apportioned to a son Walter and the other to another son John, with a further provision that at the death of either of them the trust was to cease as to his portion and it was to be divided among his heirs according to the statute of distribution. The residue of the testator's real estate was so apportioned between the sons. They were his sole heirs at law. Walter died at some time prior to November 14th, 1911, and thereafter under an order of the Court of Probate the real estate apportioned to him was distributed one third to his widow and two thirds to his daughter and sole heir at law. They entered into possession of the real estate and it was all subsequently sold by them and they received for their own use the entire proceeds. John died October 10th, 1929. The plaintiff as successor to the trustee named in the will now holds the proceeds of the portion of the real estate of which he had the life use. The complaint seeks a declaratory judgment as to the rights of the parties in this fund.

Although not admitted in the pleadings, it is now conceded that the remainder interests in the two portions of the testator's real estate were void because they were in contravention of the statute against perpetuities in force when he died. *Security Co.* v. *Snow,* 70 Conn. 288, 39 Atl. 153; *Harris* v. *Weed,* 89 Conn. 214, 93 Atl. 232. The remainder interest in the portion of each of the sons was intestate estate of the testator. *Grant* v. *Stimpson,* 79 Conn. 617, 66 Atl. 166; *Harmon* v. *Harmon,* 80 Conn. 44, 46, 66 Atl. 771.

When Walter died it was competent for the Court of
Probate to order the distribution as intestate estate
of the portion in which he had a life use; but as there
would still remain in the estate the intestate remainder
in the portion of which John had the life use such a
distribution would be a partial one. *Beers* v. *Narra-
more,* 61 Conn. 13, 21, 22 Atl. 1061; *Wordin's Appeal,*
64 Conn. 40, 54, 29 Atl. 238; *Angus* v. *Noble,* 73 Conn.
56, 62, 46 Atl. 278. The distribution which the Court
of Probate then ordered was apparently of the prop-
erty as testate, under the provision in the will dis-
posing of the remainder interest after his death. The
result was to give to the widow and heir of Walter a
greater proportion of the testator's estate than they
were in fact entitled to. Now that John has died all
that remains of the testator's estate must be distrib-
uted to those entitled to it and such distribution will
be the final one.

Those now claiming in the right of John contend
that by the decree of distribution of the remainder in-
terest in the portion of the estate of which Walter had
the life use, the validity of the provisions of the will
devising the remainder interests to the heirs of the life
tenants was conclusively established, and in the distri-
bution of the portion of the estate of which John had
the life use this must be treated as having been finally
adjudicated. The bare statement in the stipulated
facts, that after the death of Walter the portion of the
estate of which he had the life use was by order of the
Court of Probate distributed to his widow and sole
heir, does not afford a sufficient basis to pass upon this
claim.

There is, however, another principle involved in the
controversy between the parties which is independent
of the doctrine of estoppel by judgment. Where there
has been a partial distribution of an estate, upon the

final distribution any inequalities which have been created by the earlier order may be rectified by the court. *Wordin's Appeal, supra; Leake* v. *Watson,* 60 Conn. 498, 520, 21 Atl. 1075; *Smith* v. *Detroit Trust Co.,* 254 Mich. 659, 236 N. W. 898. Such action does not involve any question of the conclusiveness of the earlier decree, because it does not affect the property rights thereby established in the estate then distributed, but only takes account, in the distribution of the residue of the estate, of the equities which have arisen between the parties. *Reed's Estate,* 237 Pa. St. 125, 130, 85 Atl. 138.

None of the parties are making any claim to the property distributed at the death of Walter, or to have it further administered upon. If those now claiming under the right of John were attempting to seek such a remedy, aside from any other question involved, they might be guilty of such laches as to debar them from relief. But they are merely asserting certain rights as to the intestate remainder of the portion of which John had a life use, and the determination of their rights in that remainder has not even yet come before the Court of Probate for adjudication. Moreover, one of the stipulated facts is that the parties acted upon and acquiesced in the distribution of the portion of the estate of which Walter had the life use, in ignorance of the invalidity of the remainder at his death. Nothing upon this record indicates that they have not prosecuted the rights they claim with all necessary diligence. *Sleeping Giant Park Asso., Inc.* v. *Connecticut Quarries Co., Inc.,* 115 Conn. 70, 79, 160 Atl. 291; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 109 Conn. 23, 28, 145 Atl. 20.

The distribution, as a part of the estate of Moses Wheeler, of the intestate remainder after the death of John, is a matter within the exclusive jurisdiction of

the Court of Probate, at least in the first instance, and cannot be directed by the Superior Court in this proceeding. *Pigott* v. *Donovan,* 91 Conn. 444, 446, 99 Atl. 1047; *State* v. *Blake,* 69 Conn. 64, 78, 36 Atl. 1019. We can go no further than to say that in the final distribution of the estate of Moses Wheeler, those who have succeeded to the rights of John in the intestate remainder interests, would be entitled to have regarded, the equities arising out of the illegal distribution of the remainder interest in the portion of the estate of which Walter had the life use, so that as far as may be a just distribution of the intestate portion of the estate of Moses Wheeler shall be made, in accordance with the statute law governing intestate estates.

We therefore answer the questions propounded as follows: The remainder interests in the portions of the estate in which the testator's sons had a life use were intestate because the attempted gifts of them made in the will were void as in contravention of the statute against perpetuities in force at the death of the testator, and that at his death these remainder interests vested in the sons as the testator's sole heirs at law; in the distribution of the remainder interest in the portion of the estate of which the testator's son John had the life use, those who have succeeded to his interest are entitled, if necessary to bring about a just distribution of the estate of Moses Wheeler according to law, to have regarded the equities growing out of the illegal distribution made of the remainder interest in which Walter had a life use.

No costs will be taxed in this court.

In this opinion the other judges concurred.