ANDREW W. SANFORD, JUDGE OF PROBATE, *vs.* CHARLES M. GILMAN AND ANOTHER.

The statute (Gen. Statutes, tit. 18, ch. 11, sec. 18,) provides that when a life estate in any personal property is given by will to one and the remainder to another, and no trust is created, the court of probate may, upon the request of the legatee for life, order the executor to deliver the property to him, on his giving bond for its safe-keeping and delivery at the termination of the life estate, to the legatee in remainder. Held that this statute was intended to apply to all cases in which a life estate was so given, and that no legatee for life, where there were no directions to the contrary in the will, was entitled to the possession of the property, except upon such application to the court of probate and such giving of bond.

A bond given by an executor "well and truly to administer" an estate, covers the duty of the executor to pay over to a legatee for life of personal property, the interest and dividends received by him from the property.

DEBT on a probate bond; brought to the Superior Court in Fairfield County, and tried to the court before *Beardsley, J.* Judgment for the defendants, and motion for a new trial by the plaintiff for error in the rulings of the court. The case is sufficiently stated in the opinion.

*I. M. Sturges,* in support of the motion.

*W. K. Seeley,* contra.,

PARK, C. J. The facts found in this case, so far as they relate to the questions we have considered, are briefly as follows:

Sally Ogden by her will, made in 1857, bequeathed all her estate, after having made a single small legacy, to her sister Angeline Ogden, to use for the term of her life; and after her death gave the estate to certain other relatives, and upon certain contingencies to sundry charitable institutions. The defendants are obligors of a bond to the judge of probate for the faithful discharge by the defendant Gilman of his duties as administrator with the will annexed of the estate of the testatrix, and the present suit is brought in the name of the judge of probate upon the bond, charging, among other breaches, that the administrator has refused to deliver to Angeline Ogden the personal property of which she has under the will the life use. It is also charged as a breach that the administrator had neglected to pay over to her certain dividends and interest received by him from the personal estate in question. On the trial to the court upon the issue of performance or non-performance, the defendants contended that Angeline Ogden was not entitled to the possession of the personal property until she had given a bond with surety for the safe keeping of the property during her life and its delivery after her death to the persons interested in remainder; relying upon the statute, (Gen. Statutes, tit. 18, ch. 11, sec. 18,) which provides that "when a life estate in any personal property shall be given by will to one and the remainder to another, and there shall be no trustee named for such estate during the continuance of the life estate therein, the court of probate having cognizance of such will may, upon the request of the person entitled to such life estate, order the executor to deliver said personal property to such person, upon his giving bond to the state, with surety, in a sum equal to double the value of said estate, conditioned that said estate shall be safely and properly kept, to be delivered to the person entitled to receive it on the determination

of the life estate therein." The plaintiff contended that it was to be inferred from other provisions of the will that the testatrix did not expect bond to be given by the legatee for life, and that there was no reason here why it should be required, as she did not live out of the state, and was not shown to be pecuniarily irresponsible or in any respect an unfit person to have the possession of the property. The motion finds that the defendants did not claim that she was an improper person to have the possession, or that there was any danger that she would waste, remove, or secrete the estate, and also finds that she resided and had always resided in this state. It also finds that she had never requested the court of probate to make an order that the administrator should deliver the property to her and had never offered to give any bond under the statute. The court held that in the circumstances the refusal of the administrator to deliver the property to her was not a breach of the bond.

We think there was no error in this ruling. The only reasonable construction of the statute that has been recited is, that in all cases a legatee for life, who desires to obtain possession of the property, shall apply to the court of probate for an order for its delivery by the executor, and shall upon such application offer bond with surety for the safe keeping of the property for the persons interested in remainder. If the legatee for life had a right to demand and receive it without such an application, it is very clear that he would always insist upon the right and obtain possession of the property without giving bond. This would render the statute entirely nugatory. It can practically have no application unless it has a general one. It was intended for the protection of the persons interested in remainder. Before the act was passed they were left to move in the matter and bond was required only at their instance. *Langworthy* v. *Chadwick*, 13 Conn., 42. This remedy was often inadequate by reason of the number of persons ultimately interested, some of them perhaps contingently, and perhaps all living remote from each other and unable to act promptly and in concert. By such a general law as this these parties are protected,

however remote or contingent their interests, or however widely they may be scattered over the country. As the bond is required for the benefit of legatees in remainder, an executor would undoubtedly be justified in delivering the property to the legatee for life upon their consent that he should do so, and without doubt a testator, who can dispose of his property as he pleases, could direct that the possession should be given to the legatee for life without bond. But where neither of these facts exists the statute seems to have intended that any legatee for life, desiring to obtain possession of the property, should apply to the court of probate for an order to that effect, and should give bond for its safe keeping.

Upon the claim of the plaintiff that the non-payment to the legatee for life of certain interest and dividends received · by the administrator was a breach of the bond, the court ruled that it was not such breach. We think the court erred in this ruling. The counsel for the defendant contends that the administrator under his bond owed no duty to the legatee for life beyond receiving and safely keeping the property, and paying it over as the court of probate should order—that is, that whatever right the legatee for life might have to the property, or however enforceable that claim may have been against the administrator by a suit brought by her in her own name, yet that no *condition of the bond* was violated by his neglect or refusal to pay the income to her. The bond it. is said was only that he should "well and. truly administer the estate," "make a true account of his administration" on or before a certain day, and "deliver all the residue of said estate which should be found remaining unto such person or persons as said court by decree pursuant to law should appoint." But it is clear that the distribution of the remainder left upon the settlement of the account, and which was to be made to such persons as the court should order, was intended for the *final* distribution of the estate, to distributees named in the order of distribution, and that no order was intended or can be necessary in the case of mere income to which a legatee for life may be entitled. This payment is necessarily made from time to time, as dividends or interest

are received, and it surely can not have been intended that it should accumulate in the hands of the executor. The counsel for the defendant does not carry his claim so far as this, but contends merely that the rights of the legatee for life, so far as the income is concerned, are not protected by or enforceable through the bond. But if this is so, then an executor who should allow a large amount of dividends and interest to accumulate in his hands would hold these accumulations entirely on his personal responsibility and unprotected by his bond. It is true that they might remain in his hands, until the settlement of his administration account, perhaps several years, and then be included in the final order of distribution and so be brought within the bond. But this would be unreasonable, and might be directly contrary to the express provisions of the will, which may have directed that the income should be paid over as it accrued to the legatee for life. In such a case—one we are sure of frequent occurrence—can it be that the right of the legatee for life to these payments is not protected by the bond? We think it is, and that the executor who neglects his duty in this respect commits a breach of that part of his bond which requires him well and truly to administer the estate. The will of a testator is the law of the estate, and no testate estate can be well and truly administered by proceedings which violate the legal provisions of the will.

We think the court clearly erred in its ruling on this point, and that a new trial must be granted on account of it. Other questions were made in the case which it has become unnecessary to consider.

In this opinion the other judges concurred.
VOL. XLIV.—59