(No. 12301.—Decree affirmed.)

ANDREW J. McCARTNEY *et al.* Appellants, *vs.* HENRY E. JACOBS, Exr., *et al.* Appellees.

*Opinion filed June 18, 1919.*

1. WILLS—*when bequest for perpetual care of burial lots violates the rule against perpetuities.* A bequest of $200 to an unincorporated cemetery association, to be held in trust and placed at interest for the perpetual care of a burial lot, violates the rule against perpetuities.

2. SAME—*when county court may control amount to be spent under bequest for markers for graves.* Where a testatrix authorizes her executor to purchase markers for the graves of herself and her brother, not to cost less than a certain sum, the county court has jurisdiction to control the amount of money to be expended for the markers above said sum.

3. SAME—*when valid trust is created for care of insane person.* A provision in a will that the real estate held in common by the testatrix and her insane brother, for whom she was conservator, shall be rented from year to year and the rents applied to the expense of keeping said brother in a certain sanitarium for the remainder of his life, creates a valid trust of the rents and profits from the interest of the testatrix in the land for the purpose of caring for the insane brother during his life.

4. SAME—*court is not authorized to make election for insane heir and devisee unless clearly for best interests.* Where a will directs the sale of a tract of land and the distribution of the proceeds among the heirs an insane heir is not capable of electing to take the land but any election on his behalf must be made by the court, and to authorize such election it must clearly appear to be for the best interests of the insane heir.

APPEAL from the Circuit Court of Marshall county; the Hon. CLYDE E. STONE, Judge, presiding.

ELMER J. SLOUGH, for appellants.

CLARENCE W. HEYL, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants, heirs-at-law of Isabelle McCartney, filed their bill in the circuit court of Marshall county to construe her will.

Isabelle McCartney, who was never married, died testate February 8, 1917. She was sixty-eight years old at the time of her death, and left surviving as her only heirs five brothers, one of whom, George W. McCartney, was insane and had been for several years. He had been in the hospital for insane at Bartonville some time, but his sister, the testatrix, caused him to be removed from that place to the Lake Geneva Sanitarium, in Wisconsin. In addition to the property individually owned by the testatrix, she and her insane brother each owned the undivided one-half of 240 acres of farm land as tenants in common. At the time of her death she was conservator for her insane brother. The will is paragraphed into nine items. Item 1 simply directs the payment of the testatrix's debts and funeral expenses. The clauses of the will sought to be construed are items 2, 3 and 4. Item 2 directs the payment by the executor of $200 to the United Presbyterian Cemetery Association, or the proper authority having charge and management of the United Presbyterian Cemetery in the town of LaPrairie, Marshall county, Illinois, to be held in trust and placed at interest perpetually, the interest only to be used each year for taking care of the John D. McCartney burial lot in said cemetery. Said item 2 further directs the executor to procure markers for the burial lots of testatrix and her brother George at a cost of not less than $75 for

each marker. Item 3 directed that "the real estate held in common by myself and my said brother, George W. McCartney," (describing the 240 acres,) be rented from year to year and the rents received therefrom applied to the expense of keeping George in the Lake Geneva Sanitarium the remainder of his life. Said item further directed that testatrix's said brother should be kept at said sanitarium and should not be sent to or placed in any other institution; that after paying out of the rents of the 240 acres the maintenance of George, if there was any remainder it should be applied to the payment of taxes and the general up-keep and improvement of the land. In case the rents were insufficient to pay the expense of keeping and maintaining the insane brother, then the will directed that additional funds necessary be procured by loan "upon any of the real estate aforesaid," and if any conservator was appointed to succeed testatrix, she expressed the wish that said conservator be authorized by the court to procure a loan on the interest of George to make up any deficiency. If that could not be done, then the will directed that the trustee thereafter named should borrow what was necessary on the interest of the testatrix in the 240 acres of land, and Henry E. Jacobs was in the same clause named as trustee for the purpose of looking after and caring for George, and to "conserve the rentals aforesaid so far as my interest or control therein may appertain, and to apply the rents for the maintenance of my brother George W. McCartney, pay the taxes and improvements, if need be, secure the amount for any deficiency of fund necessary to meet those items by loan against my interest in the real estate in this item of this my will above described." Item 4 directed the executor to sell, within one year after testatrix's death, a 40-acre tract of land described, which was her sole property. Preference was given testatrix's brother Andrew to buy said land within six months, if he desired, for the price of $200 per acre. In case he should not buy it within that period

the executor was directed to sell it at private sale for the best price obtainable. The money derived from the sale, after the debts and funeral expenses and bequests were paid, was directed to be distributed equally among the heirs of testatrix. The executor was given full power and authority to execute necessary deed to convey to the purchaser title in fee simple. Andrew J. McCartney did not exercise his option to buy the land and the executor sold it for $210 per acre.

The bill charges that the $200 bequest in item 2 to the cemetery association, which was unincorporated, in trust, the interest to be used in taking care of 'the burial lot of John D. McCartney, who was the father of testatrix, was in violation of the rule against perpetuities; that the provision in said item for markers for the graves of testatrix and her brother George, at a cost of not less than $75 each, is uncertain and indefinite and leaves it to the discretion or whim of the executor to unnecessarily spend and dissipate the money of the estate; also it is alleged said provision is void because it is uncertain, now or in the future, about where George will be buried, as he owns no lot in the cemetery mentioned and the testatrix did not have legal power or authority to designate where he shall be buried. The objections alleged in the bill to item 3 are that it is indefinite and uncertain, in that it cannot be known whether George, in order to receive the maintenance provided, shall be required to stay at the Lake Geneva Sanitarium the remainder of his life, or whether, if removed to some other institution, the maintenance will be forfeited, and whether, if a loan is made, it shall be upon the whole of said lands or upon the undivided interest of George. The bill makes inquiry whether item 3 creates a valid trust in the property, and whether, if it does, it is a trust in the life estate, only, of George, and the interest of the testatrix in fee if necessary for the maintenance of George, and whether said item is null and void because of uncertainties and insufficiencies.

The bill alleges under item 4 it is uncertain whether the complainants, as heirs or devisees of the testatrix, have the right, if all concur, to take, subject to debts and charges, the 40 acres of land directed to be sold and the proceeds divided or whether the land must be sold, and whether the executor, without a specific devise to him of the title, has power to convey the land in fee simple or whether the power of sale is void and the title descended to the heirs under the laws of descent.

Henry E. Jacobs, in his capacity both as trustee and executor, the United Presbyterian Cemetery Association of the town of LaPrairie, and the individual members of said association, were made defendants to the bill. After answer and replication were filed the cause was referred to the master in chancery to take the proofs and report his conclusion. Before the master had completed taking testimony and made his report defendants filed an amended answer, and Henry E. Jacobs, as executor and testamentary trustee, filed a cross-bill praying that he be appointed trustee as provided in and by the will of Isabelle McCartney. Defendants to the cross-bill and the guardian *ad litem* for George W. McCartney, insane defendant, answered, and the cause was re-referred to the master. The master reported, recommending a decree denying the relief prayed by complainants in their original bill except as to the $200 bequeathed to the cemetery association and the provision for markers for the graves of testatrix and her brother George in item 2, which he recommended be decreed to be null and void. The court entered a decree in accordance with the report and recommendation of the master, except the court decreed the provision for markers for the graves of testatrix and her brother George was valid, that the county court had jurisdiction and authority to control the amount expended for the markers, and that said provision was not subject to the objection alleged in the bill. The only relief granted complainants by the decree was the holding that

the bequest of $200 to the cemetery association was void. The court decreed that by item 3 it was intended to create a trust of the rents and profits from the interest of testatrix in the land described for the purpose of caring for her insane brother and that a trustee should be appointed to carry out that provision of the will, and Henry E. Jacobs was appointed such trustee and required to give bond in the sum of $5000.

Defendants have assigned cross-errors on the part of the decree holding the bequest to the cemetery association void. Bequests to similar associations for the perpetual care of burial lots were held to violate the rule against perpetuities, and to be therefore void, in *Mason* v. *Bloomington Library Ass'n,* 237 Ill. 442, and *Burke* v. *Burke,* 259 id. 262. The association was never incorporated and therefore was incapable of taking under the act of 1911. (Hurd's Stat. 1917, chap. 21, par. 31.)

The objections to the bequest for markers for the graves of testatrix and her brother George, to cost not less than $75 each, are that it is uncertain and indefinite, and it is left to the uncontrolled power of the executor to dissipate the money and funds of the estate in providing the markers. The circuit court correctly held that the county court had jurisdiction and power to control the amount of money expended for the markers.

As to item 3 the court properly decreed that it was the intention of the testatrix to, and said item did, create a valid trust of the rents and profits of the interest of the testatrix in the 240 acres of land for the purpose of caring for the insane brother during his life, and a trustee was properly appointed to carry out said provision.

As to the fourth item, which directs the sale by the executor of a 40-acre tract of land and the distribution of the proceeds among the heirs, the objection is that it is uncertain whether, if all the heirs and devisees concurred, they could elect to take the land subject to the charges and in-

debtedness. Whether they could have elected to take the land or not, they never attempted to make any such election. By their bill they did not offer to elect but merely asked the court whether they had such right. If the court had decreed they had such right it would have been optional with them whether or not they would exercise it. Furthermore, the insane heir and devisee was not capable of electing. Any election on his behalf would have been required to have been made by the court. No prayer of that kind was contained in the bill, and if there had been it seems quite clear the court would not have been warranted in electing for the insane heir to take the land. To authorize such election it must clearly appear to be for the best interests of the insane heir. *Gorman* v. *Mullins,* 172 Ill. 349.

The wishes and intentions of the testatrix are expressed in her will in language easily understood, and, except the bequest to the cemetery association, none of its provisions are contrary to any rule of law or against public policy.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE STONE took no part in this case.