## The Hartford-Aetna National Bank, Trustee, et al. *vs.* Mary B. Weaver et al.

First Judicial District, Hartford, March Term, 1927.
Wheeler, C. J., Curtis, Maltbie, Haines and Hinman, Js.

The testratrix provided that the income from a trust fund of $15,000 should be paid to her husband during his life and that "such sum as may be necessary to pay charges of the trustee shall be set aside for that purpose." *Held* that it was obviously her intent that this sum should be separate from and additional to the trust fund in order that her husband should receive the entire benefit of the latter; and that while this result could not be validly accomplished by setting aside a sum which should exhaust itself in the payment of the trustee's charges because of the impossibility of determining the necessary amount with reasonable certainty, it was consistent with her intent and conformable to legal requirement, to segregate a principal sum which would yield an income adequate to meet the expenses of the trust, and which would be ascertainable in advance with reasonable accuracy.

The remainder interest in this sum would vest in the residuary legatees, and any excess, whether of principal or accumulated income, would likewise be distributed to them.

The testratrix, after giving one half of the residuary estate "to my niece, Mary B. Weaver, and her heirs absolutely", provided that "of the remaining one half of said residue and remainder I give and bequeath to my nephew, Daniel T. Weaver, the same to be held in trust by niece, Mary B. Weaver, and the income paid to said Daniel T. Weaver." *Held* that in view of the partial intestacy which would result if Daniel were to take a mere life

estate, and of the knowledge exhibited by the testratrix in other portions of the will concerning the phraseology usually employed in the creation of life estates and the disposition of remainder interests, this provision must be construed as giving to Daniel the entire interest in the one half of the residue, subject, however, to the provision that during his life the property should be held in trust for him.

Argued March 2d—decided May 7th, 1927.

SUIT for the construction of the will of Lena S. Bond, late of Windsor, deceased, brought to the Superior Court in Hartford County and reserved by the court, *Jennings, J.*, upon an agreed statement of facts, for the advice of this court.

*Richard H. Phillips*, for the plaintiffs.

*Carlyle C. Thompson*, for the defendants Gilbert Bond and Jennie S. Barnes.

*John F. Addis*, for the defendants Mary B. Weaver and Daniel T. Weaver.

MALTBIE, J. The questions in this case arise out of certain provisions in the will of Lena S. Bond. The first four articles of the will provide for the payment of the debts of the testatrix and make certain specific bequests. The Fifth Article bequeaths the income from $15,000 to her husband, to be paid to him in monthly instalments, with a provision that, should emergencies arise making that income insufficient for his support, the trustee of the fund may use such portions of the principal as it deems necessary; the Sixth Article appoints the plaintiff trustee of the fund; and the Seventh Article proceeds as follows: "Such sum as may be necessary to pay charges of the trustee shall be set aside for that purpose." The first two questions upon which we are asked to advise are: "(a) Should the sum provided by Paragraph Seventh of the will, to be set aside

to pay the charges of the trustee under Paragraphs Fifth and Sixth, be taken from the residuary estate and turned over to the trustee by the administrator with the will annexed, in addition to the $15,000 which is the corpus of that trust; or (b) should the said sum of $15,000 only be turned over by said administrator to said trustee from which said trustee should then deduct and set out said sum for his charges?"

In so far as the intent of the testatrix is concerned, the form .in which the questions are put goes far to answer them. The testatrix obviously had in mind the creation of a special fund out of which the charges of the trustee were to be paid. Had she intended that those charges should be paid out of the income of the $15,000 fund, that result could have been obtained by a simple provision that they be deducted from it, and one with the intelligence manifest in the terms of this will would hardly have created such an unnecessary complication as would arise out of the division of the fund and the allocation of a certain part of it to the discharge of those charges. The testatrix desired her husband to have the whole income of the $15,000 fund, and to that end intended to make an additional provision for defraying the charges of the trustee.

One of the requisites of every bequest of money in trust is that it shall fix with reasonable certainty the amount given. *Wordin's Appeal,* 64 Conn. 40, 50, 29 Atl. 238. If the terms of the Seventh Article were interpreted to mean that a sum should be set aside which would exhaust itself in the payment of the charges of the trustee, it could hardly be sustained as having that certainty; for the amount would largely depend upon the length of time the trust is to last, and that, depending upon the length of life of testatrix's husband, is wholly uncertain. This very uncertainty, obvious as it is, makes it unlikely that this is

what the testatrix intended. Moreover, if there is another reasonable interpretation of the provision which will make it valid, we ought to adopt it. *Farnam* v. *Farnam,* 83 Conn. 369, 381, 77 Atl. 70. Construing the language in the light of these considerations, we interpret it as expressing the intent of the testatrix that a sum should be set aside sufficient in amount so that the income would pay the charges of the trustee.

There is nothing in the record to indicate that those charges cannot be fixed in advance with such certainty that the amount of the fund necessary to provide for them can be determined with reasonable accuracy. "Indeed we believe they may be, and with no more difficulty than is experienced in matters occurring in the almost daily practice of the courts of probate in this State." *Wordin's Appeal,* 64 Conn. 40, 52, 29 Atl. 238; *Weed* v. *Scofield,* 73 Conn. 670, 678, 49 Atl. 22. The remainder interest in this fund would form a part of the residue and be distributed as such at the death of the husband. Should future contingencies bring about a situation where the fund proved to be excessive in amount that excess should be distributed to those in whom the remainder interest is vested; or if the situation be such that no part of the principal should be so distributed but an excess of income accumulates, that excess should from time to time be distributed in like manner. *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 283, 135 Atl. 555.

In the first paragraph of the Eighth Article of her will the testatrix gives one half of the residue of her estate "to my niece, Mary B. Weaver, and her heirs absolutely"; and the second paragraph of the Article then proceeds as follows: "Of the remaining one half of said residue and remainder I give and bequeath to nephew, Daniel T. Weaver, the same to be held in trust by niece, Mary B. Weaver, and the income paid to said

Daniel T. Weaver." We are asked to advise as to the provision last quoted, the question being put in this form: "(c) Who is entitled to the one-half of the residue and remainder after the death of Daniel T. Weaver under the second paragraph of Paragraph Eighth of said will?" This question is not happily phrased, but, in effect, it asks as to the estate in the property taken by Daniel T. Weaver, whether it is a life use, leaving a remainder interest undisposed of, or an absolute estate, qualified only by the provision that during his life the property be held in trust and that he enjoy only the income from it. As this provision is contained in the residuary clause, any interest in the property undisposed of by it must be regarded as intestate. *Grant* v. *Stimpson*, 79 Conn. 617, 66 Atl. 166. Since all persons who would inherit in such a contingency are parties of record, and since the question is concerned solely with an estate vested in right, there is no reason why we should not answer it.

The terms of the Eighth Article are sufficient in themselves to sustain either of the suggested interpretations. It is not necessary, in order to devise or bequeath an absolute estate in real or personal property, that words descriptive of such an estate be used, if the intent to give it appears from the will taken as a whole; *Houghton* v. *Brantingham*, 86 Conn. 630, 639, 86 Atl. 664; *Zimmerman* v. *Mechanics Savings Bank*, 75 Conn. 645, 54 Atl. 1120; and, there being nothing to suggest that such a provision would be unreasonable, there is no impropriety in the withholding of the corpus of the property from Daniel T. Weaver during his life, although otherwise he is given complete title to it. *DeLadson* v. *Crawford*, 93 Conn. 402, 410, 106 Atl. 326. The testatrix has failed fully to express her intent. Had she desired to give Daniel T. Weaver but a life use of the property, it would have been natural for her

to insert the phrase "for life" in the gift to him; if she intended to give him the property absolutely, but to withhold the corpus from him during his life, it would have been natural for her to insert the words "during his life" after the provision that it be held in trust. As she did neither of these things, we must search the will for a disclosure of her intent. A comparison of the provisions of the Fifth Article and those of the Eighth is illuminating. In the first place, in the former the testatrix in terms makes a gift of the income of the trust fund, while in the latter she gives the property itself. Secondly, in the former she makes a gift over on the death of the person entitled to the life use, thereby showing her consciousness of the existence of an interest remaining to be disposed of, while in the latter there is no such gift, although had a life interest only been intended, a similar provision would have been natural; in fact, it would have been more to be expected, because the latter provision is a part of the residue and if incomplete partial intestacy would result. One cannot read this article without being impressed with the testatrix's intent to dispose thereby of the entire residue of her property and to vest it in Mary B. Weaver and Daniel T. Weaver; and, that being so, the article should be construed to effectuate that intent. *White* v. *White*, 52 Conn. 518-520. The fact that the will contained a general residuary clause, shows in itself an intent to avoid partial intestacy. *Hartford Trust Co.* v. *Wolcott,* 85 Conn. 134, 139, 81 Atl. 1057. These considerations are fortified by the well-established rule of construction that in case of doubt the provisions of a will are to be interpreted so as to avoid a partial intestacy. *Beardsley* v. *Johnson,* 105 Conn. 98, 112, 134 Atl. 530. We therefore construe the provision in question as giving to Daniel T. Weaver the entire interest in one half of the residue, subject,

however, to the provision that during his life the property shall be held in trust for him by Mary B. Weaver.

To (a), we answer, yes; to (b), we answer, no; to (c), we answer that Daniel T. Weaver has an absolute estate in that portion of the residue bequeathed by the second paragraph of Article Eighth, subject, however, to the provision that during his life the property shall be held in trust for him by Mary B. Weaver.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.