# Brogan's Estate.

*Cemeteries—Bequest for care of lot—Wills—Acts of May 16, 1891, P. L. 88, and March 18, 1909, P. L. 41.*

1. A bequest by a widow, with no lineal descendants, to a cemetery company to keep up her burial lot, is valid, where it appears that the cemetery company was a duly chartered corporation and legally qualified to accept such a bequest under the Act of May 16, 1891, P. L. 88.

2. There is nothing in the Act of March 18, 1909, P. L. 41, which impairs the validity of such a bequest.

3. The gift to the cemetery is not voided because the interest on the amount of the gift may exceed what is sufficient to keep up the lot.

4. The surplus, if any, may be devoted to whatever will add to the convenience or attractiveness of the lot. Neely's Est., 288 Pa. 130, followed.

*Equity—Powers—Charity—Wills—Cy pres doctrine.*

5. Under the general jurisdiction of a court of chancery to administer the estate of a charity, it has power to vary the precise terms of a charitable trust, when necessary.

*Appeals—Costs—Cemetery company.*

6. The costs of this appeal were placed upon appellant, a cemetery company, who succeeded, by the appeal, in securing the whole of the residuary estate.

Argued May 18, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 122, Jan. T., 1927, by Greenwood Cemetery Co., from decree of O. C. Lancaster Co., Dec. T., 1924, No. 40, dismissing exceptions to adjudication, in estate of Ellenora Brogan, deceased. *Reversed.*

Exceptions to adjudication. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed, following Rieker's Est., 32 Lanc. L. R. 234. Greenwood Cemetery Company appealed.

*Error assigned,* inter alia, was decree, quoting record.

*J. W. Appel,* with him *T. Roberts Appel,* for appellant, cited: Benson v. Cemetery Co., 68 Pa. Superior Ct. 242; Smith's Est., 181 Pa. 109; Linck v. Plankenhorn, 286 Pa. 319; Bourland v. Cemetery Assn., 42 N. E. 86; 11 C. J. 63.

*Robert Ruppin,* with him *William H. Kready,* for appellees, cited: Hopkins v. Grimshaw, 165 U. S. 342; Hancock v. McAvoy, 151 Pa. 460.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

Ellenora Brogan, the testatrix, died November 28, 1924. Her will, after providing for payment of debts and for certain specific and pecuniary legacies, directs: "And as to all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath to the Greenwood Cemetery and the interest of it to go toward keeping up my burial lot in Greenwood Cemetery, Lancaster City, Pa." The net residue of the estate so given amounts to $3,760.80. In the final distribution, the orphans' court held this bequest void and awarded the residuary estate to her next-of-kin, on a finding that as to it she died intestate. Thereupon, Greenwood Cemetery brought this appeal. We are unable to affirm the decree.

Testatrix was a widow, with no lineal descendants, and the cemetery was a duly chartered corporation, legally qualified to accept the bequest; as section 1 of the Act of May 16, 1891, P. L. 88, provides: "That on and after the passage of this act, it shall and may be lawful for any duly incorporated burial or cemetery company within this Commonwealth, and said companies are hereby authorized and empowered to accept from any person or persons, by the terms of any deed, will or otherwise, any gift, devise or bequest in trust for the use and pur-

poses of keeping in good order and repair the family burial lots, monuments, vaults, tombs, graves and lot improvements, as well as for the planting of flowers, trees or shrubbery, or general decorations with flowers, of any such lots or graves of such grantors or devisors. But this power and authority shall not extend to any other uses or purposes whatever." While the Act of May 26, 1891, P. L. 119, provides: "That no disposition of property hereafter made for the maintenance or care of any cemetery, churchyard or other place for the burial of the dead, or of any portion thereof, or grave therein, or monuments or other erections on or about the same, shall fail by reason of such disposition having been made in perpetuity, but said disposition shall be held to be made for a charitable use." True, section 1, of the Act of March 18, 1909, P. L. 41, provides, inter alia: "That a sum equal to at least one-tenth of the gross amount of the funds arising from the sale of lots in said burial ground or cemetery shall be set apart for the perpetual care and preservation of the grounds, and the repair and renewal of the buildings and property of said burial ground or cemetery company;" and it appears by appellant's by-laws that it makes such a provision. We need not stop to inquire whether this was intended to include care of individual lots, for, if so, it would seem to be wholly inadequate for that purpose.

The words of the gift are entirely plain and to strike it down is to deny to testatrix the right to dispose of her own property. It is a novel proposition that a person may not make testamentary provision for the care of his own burial place, regardless of what the cemetery association may have done. The gift to the cemetery is of the residue of the estate and is not avoided because the interest thereon may exceed what is sufficient to keep up her lot. Such provision must be liberally construed, for, "Under the general jurisdiction of a court of chancery to administer the estate of a charity, it has power to vary the precise terms of a charitable trust,

when necessary": Kramph's Est., 228 Pa. 455, 463. The surplus, if any, in the instant case, may be devoted to whatever will add to the convenience and attractiveness of the lot. For example, improvement of the approaches and surroundings. That done, it will not be necessary to here act upon the suggestion of the Superior Court, as expressed by Judge HENDERSON, in Neely's Est., 88 Pa. Superior Ct. 372, to the effect, that the surplus income might properly be devoted to the general care of the cemetery, of which testatrix's lot is a part. We affirmed Neely's Est., in 288 Pa. 130, which sustains the validity of a like bequest and rules this case.

The decree of the orphans' court is reversed and the residuary estate is awarded the Greenwood Cemetery, at Lancaster City, Pa., at the costs of the appellant.