THE STATE OF DELAWARE, for the use of the Woodlands Cemetery Company of Philadelphia, a corporation of the State of Pennsylvania, *v.* GEORGE LODGE and ANNE PARRISH.

(*November* 12, 1940.)

LAYTON, C. J., and TERRY, J., sitting.

*David F. Anderson* (of Southerland, Berl, Potter and Leahy) for plaintiff.

*William W. Knowles* for defendants.

Superior Court for New Castle County, No. 33, March Term, 1939.

**LAYTON, Chief Justice:**

The defendants contend that the recited provision of the will is void as a legacy because of indefiniteness and uncertainty, and that the direction is void in that it is in violation of the rule against perpetuities. Neither contention is maintainable.

In legal contemplation a legacy is a disposition of personal property by last will and testament. The authorities do not undertake to define the term more precisely.

The amount of a legacy may be expressed in precise figures, or it may be made determinable upon some reasonable basis of computation; and where the object of the testator is so defined as to furnish such basis, the court will determine the amount to be expended in its accomplishment. *Blakeslee v. Pardee et al.,* 76 *Conn.* 263, 56 *A.* 503; *In re Wordin's Estate,* 64 *Conn.* 40, 29 *A.* 238. Each case must, necessarily, rest on its own facts; but the authorities uniformily hold that where the amount of a pecuniary legacy is capable of ascertainment, either from a perusal

of the will by the court or by extrinsic evidence, the will must be sustained. 2 *Underhill, Wills,* 1387; 1 *Jarman, Wills, 5th Am. Ed.,* 649.

In *Farwell v. Jacobs, Adm'r,* 4 *Mass.* 634, the will directed the executor to support in sickness and in health the testator's aged father. The father sued to recover damages as for the nonpayment of a legacy; and it was held that the direction to support and maintain the plaintiff resulted from the bounty of the testator declared in his will, and must be considered, as to the remedy, as a legacy.

In *Shepard et al. v. Shepard et al.,* 57 *Conn.* 24, 17 *A.* 173, the bequest was an amount necessary to constitute certain relatives life members of the American Bible Society. It was held that a legacy to the Bible Society was intended, the amount to be determined by the amount required to constitute the several persons named life members.

In *Hart v. Hart,* 81 *Ga.* 785, 8 *S. E.* 182, the testator directed his executors to give his wife "a decent support during her natural life." It was held that the widow was entitled to a support in accordance with her position in society at the time of the death of the testator. *Broad v. Bevan,* 1 *Russ.* 511, is a similar case.

In *McCartney et al. v. Jacobs et al.,* 288 *Ill.* 568, 123 *N. E.* 557, 4 *A. L. R.* 1120, it was held that a bequest for markers for certain graves to cost not less than $75.00 was not void for uncertainty.

The bounty of the testatrix ought not to fail because of any supposed impossibility in the establishment of a principal sum necessary to produce an annual income sufficient for the purpose declared by the will. The declaration states the legacy to be the sum of $650.20. This, in effect, is an averment of the principal sum necessary for the accomplishment of the testatrix's direction. It is

not to be assumed that the sum required is not susceptible to proof; and, as the case now stands, the gift is not void for uncertainty as to amount.

■ By the will of the testatrix the bequest is to be administered as a trust in the State of Pennsylvania. In that State, by statute, *Act of May* 26, 1891, *P. L.* 119, 9 *Purdon's Pennsylvania Statutes Ann.* § 4, it is provided:

"That no disposition of property hereafter made for the maintenance or care of any cemetery, churchyard or other place for the burial of the dead, or of any portion thereof, or grave therein, or monuments or other erections on or about the same, shall fail by reason of such disposition having been made in perpetuity, but said disposition shall be held to be made for charitable use."

The validity of this statute has been upheld in numerous cases. See *In re Close's Estate,* 260 *Pa.* 269, 103 *A.* 822; *In re Brogan's Estate,* 290 *Pa.* 319, 138 *A.* 837, 55 *A. L. R.* 1301.

In *Wilmington Trust Co. v. Wilmington Trust Co.,* 21 *Del. Ch.* 188, 186 *A.* 903, it was held that a testamentary trust of personalty that is to be held and administered in a foreign state, if not offensive to the public policy of that state, is valid in the State of the testator's domicile, notwithstanding that it is against the public policy of the domicile, for the reason that the question is of legitimate interest only to the state where the property is to be received and held.

The bequest is valid under the law of Pennsylvania. The trust is to be administered in that State. In such circumstances the public policy of this State may not be said to have been violated by the direction of the will.

An order will be entered overruling the demurrer.