CLIFFORD W. BEARDSLEY, EXECUTOR (ESTATE OF HATTIE E. WARDWELL) v. LAURA S. MERRY ET AL

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 79538

Memorandum filed July 15, 1949

*Cohen & Schine*, of Bridgeport, for the Plaintiff.

*Tellalian, O'Brien & Montgomery*, of Bridgeport, and *Theodore I. Koskoff*, of Stratford, for the Defendants.

ALCORN, J. The plaintiff executor seeks in this action a construction of a codicil to the will of Hattie E. Wardwell. Four of the defendants are the only heirs-at-law of the testatrix and beneficiaries under her will; and the fifth defendant is one Grace R. Sterling who is named in the codicil.

The testatrix died on November 14, 1948, leaving a will dated May 9, 1942, and a codicil dated November 6, 1948 Both the will and codicil have been admitted to probate by the Probate

Court having jurisdiction. The codicil is crudely written in long-hand and its text follows:

"Nov. 6th, 1948

"I direct that all of the money I received as beneficiary of the annuity contracts left to me by my Brother Theodore P. Searles Be used as I have directed my old Friend Grace R. Sterling to do.

"All that is left is to belong to Grace R. Sterling as her own and no accounting is to be required of her.

"Signed by

"Hattie E. Wardwell

"Witnesses:
    Elizabeth A. Burr
    Elizabeth Kopp
    Theodosia F. Burr"

The money referred to in the codicil represents the proceeds of an annuity contract left to the testatrix by her brother. The sum involved, $7227.48, was not actually received by the testatrix but is now in the hands of a life insurance company.

The plaintiff, in anticipation of distribution of the estate and assuming the document a valid codicil, seeks a construction to guide him in making distribution under it. At the outset, it is clear that the language used is not intended to make a gift of the money to Grace R. Sterling. Neither is it a gift to her outright with the hope and expectation that she would dispose of it in a manner privately expressed to her by the testatrix. The intent, as it appears from the language used, is to create a trust. *Peyton* v. *Wehrhane,* 125 Conn. 420, 425. The testatrix's direction is "that all of the money . . . Be used as I have directed my old Friend Grace R. Sterling to do. All that is left is to belong to Grace R. Sterling as her own. . . ." How the money is to be used, who will receive it, how many will benefit, what amount will be used, what the division will be, are all matters which cannot be known. Grace R. Sterling is to have for her own "all that is left" but what that will amount to is also left to conjecture. This uncertainty in the subject matter and object of the intended trust renders the codicil ineffective to create a trust. *Seymour* v. *Sanford,* 86 Conn. 516, 523.

Furthermore it is impossible to find in the language used any valid gift in any amount to Grace R. Sterling outright. " . . . a bequest so indefinite as to amount, or subject-matter, as to be

incapable of determination and execution by the court, is void. This principle is so unquestionable as hardly to justify the citation of authority at all in its support." *Wordin's Appeal,* 64 Conn. 40, 50-51; *Bristol* v. *Bristol,* 53 Conn. 242.

The codicil is therefore ineffective either to create a trust or to make an absolute gift in any ascertainable amount to Grace R. Sterling. Consequently, the sum sought to be disposed of in it falls into the residue of the estate to be disposed of under the residuary clause of the will. *Bryan* v. *Bigelow,* 77 Conn. 604, 612; *Bristol* v. *Bristol,* supra, 255.

The questions asked in paragraph 6 of the complaint are answered as follows: (a) No; (b) No; (c) Yes; (d) No; (e) No; (f) The entire proceeds pass under the residuary clause of the will.